UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 18-204 |
| v. | * | SECTION: "T" |
| DERRICK GROVES a/k/a "Woo" | * | |
| | * | |

                                                          *    *    *

## FACTUAL BASIS

The above-named defendant, **DERRICK GROVES**, a/k/a "Woo," has agreed to plead guilty to Counts Seven through Ten of the Second Superseding Indictment in the above-captioned case. Should this matter have proceeded to trial, the United States of America would have proven beyond a reasonable doubt, through the introduction of relevant, competent, and admissible testimonial, physical and demonstrative evidence, the following facts. Unless stated otherwise, these acts occurred in the Eastern District of Louisiana:

## OCTOBER 2018

On or about October 12, 2018, agents with the Drug Enforcement Administration ("DEA") and officers with the Orleans Parish Sheriff's Office Major Crimes Task Force went to the home of J.R. to execute an arrest warrant. Agents and officers observed J.R. exit his home and arrested him pursuant to the warrant. While J.R. was being arrested, **DERRICK GROVES, a/k/a "Woo,"** (**"GROVES"**) attempted to flee in a white Chevrolet Traverse, License Plate 731CAC. This vehicle was registered to **GROVES's** mother. **GROVES** was the only occupant of the vehicle. **GROVES** drove forward at a high rate of speed, through the yard area, towards a wooded area. **GROVES** then exited the vehicle on foot. He left the driver's side door of the Traverse open.

As he attempted to flee on foot, **GROVES** discarded a clear bag containing 8 individually packaged brown rock-like objects onto the ground.   Officers apprehended **GROVES**.

In plain view, through the open door, agents and officers observed a Glock 9 mm handgun with an extended 30-round magazine on the driver's side floor board of the Traverse.   Agents seized this firearm, which bore serial number BHUD997.   This firearm was registered to **GROVES**.   Agents also observed a clear plastic bag containing a green vegetable matter in a cup in the cup holder.   Agents also seized five cellular phones that were in or around the driver's seat of this vehicle.

**GROVES** was arrested on scene, and was advised of his *Miranda* rights.   He indicated that he would remain silent, but did not invoke his right to an attorney.   Subsequently, during the booking process, and without questioning by law enforcement, **GROVES** began speaking with DEA agents and other officers.   FBI agents arrived on scene and asked **GROVES** if he was willing to speak with them.   **GROVES** answered affirmatively.   During this FBI interview, **GROVES** acknowledged that the firearm, rock-like substance, and marijuana that were seized that day belonged to him.

The Jefferson Parish Sheriff's Office ("JPSO") Laboratory tested the rock-like substance and concluded that it contained heroin, fentanyl, and Tramadol.   It weighed 1 gram.   If this case had proceeded to trial, a DEA agent would testify that, in his training and experience, this substance was packaged for distribution.   The JPSO lab also concluded that the green vegetable matter contained marijuana and weighed 6 grams.   A federal search warrant was obtained for the five phones seized from the Traverse.   If this case had proceeded to trial, a DEA agent would testify that, in his training and experience, the phones contained text messages that were indicative of drug distribution.   An agent would also testify that, in his training and experience, firearms are

2

often utilized by drug dealers to protect their drug enterprise and guard against robberies.

## JANUARY 2019

On or about January 25, 2019, FBI and DEA agents went to execute an arrest warrant for **GROVES** at his residence at 3500 Oak Harbor Boulevard, Apt 631. Agents established surveillance and observed **GROVES** exit a black Toyota Camry and walk up to the stairwell of his apartment building. Agents then observed **GROVES** emerge from the stairwell and return to the driver's seat of the Camry a short time later. This Camry is registered to **GROVES's** girlfriend, C.S. Agents were aware, based on prior surveillance and a tracking device, that **GROVES** routinely drove this vehicle. Agents approached the Camry. **GROVES** was alone. Agents instructed **GROVES** to exit the vehicle and get onto the ground. **GROVES** was then arrested pursuant to the arrest warrant. Agents standing near the vehicle noticed that a firearm was in plain view under the driver's seat.

A federal search warrant was obtained for the Camry. During the execution of the warrant, FBI discovered a hidden compartment in the middle console between the two front seats of the Camry. In this compartment, FBI located approximately 56 individually wrapped bags containing suspected heroin, and a white bag containing a green vegetable substance. Under the driver's seat (in which **GROVES** had been seated), agents located a Glock Model 23 Gen 4, .40 caliber pistol with an extended magazine containing 22 rounds. The JPSO crime laboratory concluded that the suspected heroin contained heroin and weighed approximately 17 grams. The laboratory also concluded that the vegetable substance was marijuana and weighed 2 grams. If this case went to trial, an FBI agent would testify that, in his training and experience, the heroin was packaged for distribution. Furthermore, an agent would testify that, in his training and experience, firearms are often utilized by drug dealers to protect their drug enterprise and guard

DG

against robberies.

The Government and **GROVES** agree and stipulate for the purposes of sentencing that the Government could prove that **GROVES** was responsible for between 20 grams and 40 grams of heroin and 1 gram of fentanyl.

<u>Limited Nature of Factual Basis</u>

This proffer of evidence is not intended to constitute a complete statement of all facts in this matter. The limited purpose of this Factual Basis is to demonstrate that there exists a sufficient legal basis for **GROVES's** plea of guilty to Counts Seven through Ten of the Second Superseding Indictment in the above-captioned case.

_____  9/10/19
Maria M. Carboni                (Date)
Assistant United States Attorney

_____  9/10/19
Joseph P. Raspanti              (Date)
Counsel for Derrick Groves

_____  9/10/19
Derrick Groves                  (Date)
Defendant

4