```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
 2

 3   ****************************************************************

 4   UNITED STATES OF AMERICA

 5                              CRIMINAL DOCKET NO. 18-204 "T"
     VERSUS                     NEW ORLEANS, LOUISIANA
 6                              THURSDAY, SEPTEMBER 10, 2019

 7   DERRICK GROVES

 8   ****************************************************************

 9
              TRANSCRIPT OF REARRAIGNMENT PROCEEDINGS
10          HEARD BEFORE THE HONORABLE GREG G. GUIDRY
                   UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13

14   FOR THE PLAINTIFF:       U. S. ATTORNEY'S OFFICE
                              BY:  MARIA M. CARBONI, ESQUIRE
                              650 POYDRAS STREET, SUITE 1600
15                            NEW ORLEANS LA  70130

16

17   FOR THE DEFENDANT:       LAW OFFICES OF JOSEPH P. RASPANTI
                              BY:  JOSEPH P. RASPANTI, ESQUIRE
                              3900 N. CAUSEWAY BLVD., SUITE 1470
18                            METAIRIE LA  70002

19

20   OFFICIAL COURT REPORTER:  CATHY PEPPER, CCR, RMR, CRR
                              CERTIFIED REALTIME REPORTER
21                            REGISTERED MERIT REPORTER
                              500 POYDRAS STREET, ROOM HB-275
22                            NEW ORLEANS LA  70130
                              (504) 589-7779
23                            Cathy_Pepper@laed.uscourts.gov

24
     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
25   PRODUCED BY COMPUTER.
```

*OFFICIAL TRANSCRIPT*

1                    **P-R-O-C-E-E-D-I-N-G-S**

2                    THURSDAY, SEPTEMBER 10, 2019

3                    M O R N I N G   S E S S I O N

4                    (COURT CALLED TO ORDER)

5

6

7          THE DEPUTY CLERK:  Criminal matter 2018-204,

8    United States of America v. Derrick Groves.  This matter is set

9    for rearraignment.

10         MS. CARBONI:  Good morning, Your Honor.  Maria Carboni

11   on behalf of the United States.

12         MR. RASPANTI:  Joseph Raspanti for the United States.

13             May we approach?

14         THE COURT:  Yes.

15             (WHEREUPON, at this point in the proceedings, there was

16   a conference held at the bench outside the presence of the

17   court reporter.)

18         THE DEPUTY CLERK:  Would you please raise your right

19   hand.  Do you solemnly swear that the testimony which you are

20   about to give will be the truth, the whole truth, and nothing

21   but the truth, so help you God?

22         THE DEFENDANT:  Yes, I do.

23         THE DEPUTY CLERK:  Please state your name.

24         THE DEFENDANT:  Derrick Groves.

25         THE COURT:  Counsel, state your appearance if you

                        *OFFICIAL TRANSCRIPT*

1   haven't already done so.

2       MR. RASPANTI:  We have but we'll do it again.

3   Joseph Raspanti for the defense.

4       MS. CARBONI:  Maria Carboni on behalf of the

5   government.

6       THE COURT:  Okay.  Mr. Groves, I've been informed that

7   you wish to withdraw your earlier plea of not guilty and enter

8   a plea of guilty at this time; is that correct?

9       THE DEFENDANT:  Yes, Your Honor.

10      THE COURT:  You have a right to have an attorney at

11  every stage of the proceedings, and although you have an

12  attorney at this time, if it later appears that you do not have

13  an attorney and could not afford one, an attorney would be

14  appointed to represent you.

15          Any answers you give in this proceeding may be

16  used against you in a prosecution for perjury or for making a

17  false statement because your answers are made under oath, on

18  the record, and in the presence of your attorney.  Do you

19  understand that?

20      THE DEFENDANT:  (Nods head affirmatively.)  Yes.

21      THE COURT:  Okay.  Before I can accept your plea, I'm

22  required to ask you certain questions.  If you do not

23  understand any question, please ask me to explain it, or you

24  may confer your attorney, if you wish to.

25          How old are, you?

1            THE DEFENDANT:  Twenty-two.

2            THE COURT:  Twenty-two.

3                 Can you read, write, speak, and understand

4    English?

5            THE DEFENDANT:  Yes.

6            THE COURT:  How much education have you had?

7            THE DEFENDANT:  Not that much.  I dropped out at 9th.

8    I went to jail and I got held for two years, so I ain't really

9    get that much.

10           THE COURT:  Are you now or have you recently been under

11   the care of a doctor or a mental health professional?

12           THE DEFENDANT:  No.

13           THE COURT:  Have you taken any narcotic drugs,

14   medicine, or pills, or consumed any alcoholic beverages in the

15   past 24 hours?

16           THE DEFENDANT:  No.

17           THE COURT:  Mr. Raspanti, do you have any doubt as to

18   you client's competence to plead at this time?

19           MR. RASPANTI:  I do not, Judge.

20           THE COURT:  Based on the defendant's responses and the

21   advice of counsel, I find the defendant competent to enter into

22   these proceedings.

23                Mr. Groves, you're being charged by a second

24   superseding indictment.  Have you read the indictment or has it

25   been read to you?

*OFFICIAL TRANSCRIPT*

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  Do you wish to have it read to you

3     once again before we proceed?

4          THE DEFENDANT:  No.

5          THE COURT:  No.

6               This indictment contains six counts against you,

7     and I understand that you intend to plead guilty to Counts 7,

8     8, 9, and 10.

9               Count 7 and 9 state, in substance, that in

10    October 2018 and again in January 2019 in the Eastern District

11    of Louisiana, the defendant, Derrick Groves, did knowingly and

12    intentionally possession with the intent to distribute a

13    quantity of a mixture or substance containing a detectable

14    amount of heroin and, with respect to Count 7, also fentanyl,

15    all in violation of Title 21, United States Code,

16    Sections 841(a)(1) and 841(b)(1)(C), and Title 18,

17    United States Code, Section 2.

18               Counts 8 and 10 state, in substance, that on

19    October 2018, and again in January 2019, in the

20    Eastern District of Louisiana, the defendant, Derrick Groves,

21    did knowingly and intentionally possess a firearm in

22    furtherance of a drug-trafficking crime as charged in Counts 7

23    and 9, all in violation of Title 18, United States Code,

24    Sections 924(c)(1)(A) and 924(c)(1)(A)(i).

25               Do you understand the charges asserted against

*OFFICIAL TRANSCRIPT*

```
 1   you in Counts 7 through 10 of the second superseding

 2   indictment?

 3              THE DEFENDANT:  Yes, I do.

 4              THE COURT:  Mr. Raspanti, have you explained these

 5   charges to your client?

 6              MR. RASPANTI:  I have.

 7              THE COURT:  Are you satisfied that he knows what he is

 8   charged with?

 9              MR. RASPANTI:  I am.

10              THE COURT:  Mr. Groves, do you wish to continue with

11   your plea of guilty to Counts 7 through 10?

12              THE DEFENDANT:  Yes, I do.

13              THE COURT:  The maximum possible sentence that could be

14   imposed on you in the event of a conviction with respect to

15   Counts 7 and 9, either upon a plea of guilty or after a trial

16   at which you are found guilty, is a maximum term per count of

17   not more than 20 years of imprisonment and/or a fine of up to

18   $1 million or the greater of twice the gross gain to the

19   defendant or twice the gross loss to the victim.

20              If you are sentenced to a period of imprisonment

21   on Counts 7 and 9, a term of supervised release may be added as

22   a part of your sentence.  In your case a term of supervised

23   release must be at least 3 years, up to maximum term of life.

24              The maximum possible sentence that could be

25   imposed on you in the event of a conviction with respect to
```

*OFFICIAL TRANSCRIPT*

1   Counts 8 and 10, either upon a plea of guilty or after a trial

2   at which you are found guilty, is a mandatory minimum of

3   5 years, up to a maximum term of life imprisonment per count.

4           A term of imprisonment on each of these counts

5   must be served consecutively to any other term of imprisonment

6   imposed under this plea.

7           A fine of up to $250,000 or the greater of twice

8   the gross gain to the defendant or twice the gross loss to the

9   victim.

10          If you are sentenced to a period of imprisonment

11  for Counts 8 and 10, a term of supervised release may be added

12  as a part of your sentence.  In your case, this term of

13  supervised release is 5 years, up to a maximum of life.

14          Supervised release is a period following release

15  from prison during which your conduct will be monitored by the

16  Court or its designee.  If you are found to have violated a

17  condition of your supervised release or to have been in

18  possession of a controlled substance, the Court could revoke

19  the supervised release and order you to serve all or part of

20  the term of supervised release in prison without credit for any

21  time served.

22          The Court is also required to impose on you, in

23  the event of a conviction, whether upon a plea of guilty or

24  after a trial at which you are found guilty, a special

25  assessment in the amount of $100 for each count, for a total of

1  $400.

2          Mr. Groves, do you understand that if the Court

3  accepts your plea of guilty, that the Court could impose the

4  maximum possible sentence as I've just explained it to you?

5          THE DEFENDANT:  Yes, I do.

6          MR. RASPANTI:  Excuse me, Judge.  I do want to say

7  this -- and I don't disagree with anything you said; I do

8  understand your colloquy here -- but we will be raising the

9  issue of concurrent versus consecutive, possibly under the

10  auspices of *United States v. Davis*, et seq.  Whether or not

11  it's applicable or not is for you to ultimately decide, but I

12  do want to make the record as far as that.

13          MS. CARBONI:  If I could respond, there is no question

14  that the first 924(c) is going to be consecutive to the PWITD

15  count.  I think that what Mr. Raspanti is raising is that he

16  may challenge that sentencing whether the second 924(c) will be

17  consecutive to the first 924(c).

18          MR. RASPANTI:  I believe that is correct, Judge, from

19  my review of the law; so, I'm not going to fall on the sword

20  for that but that sounds correct to me.

21          THE COURT:  You'll certainly be able to argue that.

22          MR. RASPANTI:  Certainly.

23          THE COURT:  For today's purposes, Mr. Groves, I want

24  you to understand that this is the maximum sentence that you

25  could face if your plea is accepted.  Do you understand that?

*OFFICIAL TRANSCRIPT*

1       THE DEFENDANT:  Yes, I do.

2       THE COURT:  Okay.  Has your attorney explained the

3   sentencing guidelines that would be applicable to your case to

4   you?

5       THE DEFENDANT:  Yeah, yeah, yeah.

6       THE COURT:  Okay.  Do you understand that although the

7   Court has an obligation to calculate the applicable sentencing

8   guidelines range and consider that range, the guidelines are

9   advisory and are not binding on the Court?  Do you understand

10  that?

11      THE DEFENDANT:  Yes.  Yes.

12      THE COURT:  Do you understand that the Court could

13  impose a sentence on you that is greater or lesser than the

14  sentencing guidelines range if I find that the guidelines do

15  not take into consideration other relevant facts concerning you

16  or the crime to which you intend to plead guilty?  Do you

17  understand that?

18      THE DEFENDANT:  Yes, I do.

19      THE COURT:  Mr. Raspanti, other than rough estimates of

20  the sentencing guidelines, have you made any representations to

21  Mr. Groves as to the actual or specific sentence that I would

22  impose?

23      MR. RASPANTI:  No, I have not.

24      THE COURT:  Is that correct, Mr. Groves, to the best of

25  your knowledge?

*OFFICIAL TRANSCRIPT*

1      THE DEFENDANT:  Yes.

2      THE COURT:  Do you understand that any discussions with

3  your attorney or anyone else regarding sentencing guidelines

4  have been merely roughly estimates, and the Court is not bound

5  by those discussions?

6      THE DEFENDANT:  Yes.

7      THE COURT:  Other than the rough estimates of the

8  sentencing guidelines, has anyone connected with the

9  government, with any law enforcement agency, or anyone else, at

10  any time, made any prediction or promise to you as to what your

11  specific, actual sentence would be?

12      THE DEFENDANT: (Shakes head negatively).

13      THE COURT:  Say "no" verbally so she, the court

14  reporter, can take it down.

15      THE DEFENDANT:  No, no, no.

16      THE COURT:  Do you understand that the Court will not

17  be able to determine the guideline range for your case until

18  after a presentence investigation report has been completed and

19  you and the government have had an opportunity to challenge the

20  facts reported by the probation officer?

21      THE DEFENDANT:  Yes, I do.

22      THE COURT:  Do you understand that you still have a

23  right to plead not guilty even today?

24      THE DEFENDANT:  Yes, I do.

25      THE COURT:  Do you understand that if the Court accepts

*OFFICIAL TRANSCRIPT*

1   your plea of guilty that you will not be entitled to a trial of

2   any kind, and the government would not be required to prove

3   that you are guilty?

4           THE DEFENDANT:  Yes, I do.

5           THE COURT:  Do you understand that if you plead guilty,

6   you're giving up certain rights?

7           THE DEFENDANT:  Yes.

8           THE COURT:  These include the following:  You would

9   have a right to be represented by counsel, either appointed or

10  retained?  Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  You would have a right to remain silent,

13  and no one could force you to testify against yourself?

14          THE DEFENDANT:  Yes.

15          THE COURT:  You have a right to a trial by jury of 12

16  persons who must reach a unanimous verdict?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  At trial, the government would be required

19  to confront you with witnesses upon whose testimony it relies

20  to prove your guilt, and you have the right to cross-examine

21  those witnesses?

22          THE DEFENDANT:  Yes.

23          THE COURT:  At trial, you would be presumed innocent

24  until such time, if ever, the government proved your guilt by

25  competent evidence beyond a reasonable doubt?

*OFFICIAL TRANSCRIPT*

1      THE DEFENDANT:  Yes.

2      THE COURT:  Also, for the trial, you would be entitled

3  to compulsory process to call any witnesses and present any

4  evidence in your defense?

5      THE DEFENDANT:  Yes.

6      THE COURT:  You would have the right to testify on your

7  own behalf, but if you chose not to testify, you would not be

8  compelled to testify or to incriminate yourself; further, the

9  fact that you did not testify would not be held against you?

10      THE DEFENDANT:  Yes.

11      THE COURT:  Do you understand all that?

12          Do you understand that by pleading guilty, you're

13  waiving these trial rights?

14      THE DEFENDANT:  Yes, I do.

15      THE COURT:  Are you pleading guilty because you did the

16  acts charged in Counts 7 through 10 in the second superseding

17  indictment?

18      THE DEFENDANT:  Yes.

19      THE COURT:  Have you been influenced, induced, or

20  persuaded in any way to plead guilty because of any of promises

21  of leniency or because of any threats made by anyone?

22      THE DEFENDANT:  No.

23      THE COURT:  Ms. Carboni, the Court has been informed

24  that the defendant has entered into a written plea agreement;

25  is this correct?

*OFFICIAL TRANSCRIPT*

1          MS. CARBONI:  Yes, Your Honor.

2              I hold my hand a five-page document which

3    constitutes the plea agreement, along with the sealed

4    attachment in this case.

5              According to the plea agreement, the government

6    has agreed that should the Court accept the defendant's plea of

7    guilty to Counts 7 through 10 of the second superseding

8    indictment in this case, the government will request that the

9    Court dismiss Counts 1 and 2 at the time of sentencing.

10             The government also he agrees that it will not

11   bring any other charges in the Eastern District of Louisiana

12   arising from the defendant's violation of the Federal

13   Controlled Substances Act or the Federal Gun Control Act prior

14   to January 25, 2019, as long as the defendant has truthfully

15   informed law enforcement officials of the full and complete

16   details of those crimes prior to his guilty plea in this case.

17             The plea agreement also outlines the maximum

18   penalties which the Court explained.  It states that the

19   defendant shall be subject to the mandatory Victim Restitutions

20   Act, that the defendant shall pay a mandatory special

21   assessment of $400, that the defendant's term -- that his

22   sentence shall be required to include a term of supervised

23   release.

24             The plea agreement says that in exchange for the

25   agreement that the government is making, the defendant agrees

**OFFICIAL TRANSCRIPT**

to knowingly and voluntarily waive and give up his right to

appeal or contest or collaterally challenge his guilty plea,

any order, decision or judgment, his sentence, fine, supervised

release, and restitution, except that the defendant

specifically does not waive and retains the right to challenge

any sentence in excess of the statutory maximum, and he retains

the right to raise a claim of ineffective assistance of counsel

in an appropriate proceeding.

The defendant states in the plea agreement that

he understands that the guidelines are merely rough estimates,

and the defendant agrees to expressly waive his rights under

Rule 410(a) of the Federal Rules of Evidence, which means that

any statements that the defendant has made to law enforcement,

including his factual basis, shall be used against him in any

criminal proceedings if he later decides to withdraw his guilty

plea or his decision to plead guilty is later set aside or he

violates his plea agreement.

Now, Mr. Groves, those terms that I just

explained, are those consistent with your understanding of

what's in your plea agreement?

THE DEFENDANT:  Yes, I understand.

MS. CARBONI:  Okay.  Did you review the plea agreement

and the sealed attachment?

THE DEFENDANT:  Yes, I did.

MS. CARBONI:  Did you initial each page and sign and

1   date the last page?

2           THE DEFENDANT:  Yes.

3           MS. CARBONI:  Is that your signature?

4           THE DEFENDANT:  Yes.

5           MS. CARBONI:  Mr. Raspanti, did you review the

6   plea agreement with your client and initial each page?

7           MR. RASPANTI:  Yes.

8           MS. CARBONI:  Is that your signature on the last page

9   and on the sealed attachment?

10          MR. RASPANTI:  Yes, it is.

11          MS. CARBONI:  Your Honor, I initialed each page, and I

12  signed and dated the last page of the plea agreement and the

13  attachment which shall be filed under seal in this case as in

14  all criminal cases in this district, and I tender them to the

15  Court.

16          THE COURT:  Okay.  They will be accepted into evidence,

17  and the Attachment A will be admitted under seal.

18              Mr. Groves, is there anything in the

19  plea agreement that you do not understand?

20          THE DEFENDANT:  I understand.

21          THE COURT:  Okay.  Does it represent the agreement you

22  have with the government regarding the charges brought against

23  you?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Mr. Raspanti, other than what is contained

*OFFICIAL TRANSCRIPT*

1  in the plea agreement, has the government at any time made any

2  other offers to Mr. Groves?

3          MR. RASPANTI:  No, they have not.

4          THE COURT:  Is that correct, Mr. Groves, to the best of

5  your knowledge?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Under the plea agreement, should this court

8  accept your plea of guilty, the government agrees that it will,

9  at the time of sentencing, request that the Court dismiss

10 Counts 1 and 2 of the second superseding indictment; however,

11 the Court is not bound to dismiss any count.  Do you understand

12 what I've just stated?

13         THE DEFENDANT:  Yeah.

14         THE COURT:  Do you understand that because of your

15 plea agreement, you are required to forfeit to the

16 United States any all firearms or ammunition involved Counts 8

17 and 10 of the second superseding indictment, as well as any and

18 all property constituted or derived from any proceeds obtained

19 as a result of the violation in Counts 7 and 9, as well as any

20 and all property used or intended to be used in any manner to

21 commit and facilitate the commission of acts alleged in those

22 counts?  Do you understand that?

23         THE DEFENDANT:  Yeah.

24         THE COURT:  Do you understand that although the

25 government has agreed to the terms of your plea agreement, I'm

*OFFICIAL TRANSCRIPT*

1   not bound to accept the plea agreement?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you understand that in the event the

4   Court rejects the plea agreement, you will have an opportunity

5   to withdraw your guilty plea?

6           THE DEFENDANT:  Yes, I do.

7           THE COURT:  Do you understand that if you persist in a

8   guilty plea and the Court rejects the plea agreement, the

9   disposition of the case could be less favorable to you than

10  contemplated by the plea agreement?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Do you understand that under your

13  plea agreement, you have expressly waived your rights to a

14  direct appeal as set forth in the plea agreement but that you

15  are not waiving your right to appeal a sentence imposed in

16  excess of the statutory maximum?

17          THE DEFENDANT:  I do.

18          THE COURT:  Do you also understand that you can only

19  bring a postconviction proceeding if you can show that

20  ineffective assistance of counsel affected the validity of the

21  guilty plea or your waiver of appeal and collateral rights?  Do

22  you understand that?

23          THE DEFENDANT:  I do.

24          THE COURT:  Has your attorney advised you of your

25  appeal rights and the consequences of waiving those rights?

*OFFICIAL TRANSCRIPT*

1    THE DEFENDANT:  Could you say that one more time for

2  me?

3    THE COURT:  Has your attorney advised you of your

4  appeal rights and the consequences of waiving those rights?

5    THE DEFENDANT:  Yes.

6    THE COURT:  Do you understand that if you were unable

7  financially to pay the cost of an appeal, you could pursue an

8  appeal at no cost to yourself whatsoever?

9    THE DEFENDANT:  Yeah.

10    THE COURT:  Do you voluntarily agree to waive your

11  appeal rights as set forth in the plea agreement?

12    THE DEFENDANT:  I do.

13    THE COURT:  Ms. Carboni, would you inform the Court of

14  the factual basis according to the defendant's plea.

15    MS. CARBONI:  Yes, Your Honor.

16        There is a four-page factual basis in this case,

17  which underlies the plea agreement.  It describes two separate

18  incidents.  The first was on or about October 12, 2018.  Agents

19  with the Drug Enforcement Administration and other law

20  enforcement officers went to arrest an individual, J.R.

21        At that time, they observed the defendant,

22  Derrick Groves, attempting to flee in a white Chevrolet

23  Traverse.  As he attempted to flee, he opened the car door and

24  fled on foot and discarded a clear bag containing eight

25  individually packaged, brown rock-like objects onto the ground.

1    Officers could observe in plain view through the

2    open door of the vehicle a Glock 9 mm handgun with an extended

3    magazine, which was seized along with five cellular telephones.

4    After being advised of his Miranda rights, Groves

5    acknowledged that the firearm, rock-like substance, and

6    marijuana in the vehicle belonged to him.

7    The Jefferson Parish Sheriff's Office laboratory,

8    JPSO, test the rock-like substance and concluded that it

9    contained heroin, fentanyl, and Tramadol and weighed one gram.

10    A federal search warrant was obtained for the

11    five cellular phones seized from the Traverse, and the phones

12    contained text messages that was indicative of drug

13    distribution.

14    Secondly, on or about January 25, 2019, agents

15    with the Federal Bureau of Investigation and DEA agents went to

16    execute an arrest warranted for Mr. Groves on a separate

17    matter.  At the time that he was arrested, Groves was alone in

18    a black Toyota Camry.  Agents were aware, based on the

19    investigation, that Groves routinely drove this vehicle.

20    A federal search warrant was obtained for the

21    Camry.  FBI discovered a hidden compartment in the vehicle,

22    which contained 56 individually wrapped bags containing

23    suspected heroin.  Agents also located a Glock Model 23

24    .40-caliber pistol with an extended magazine.

25    The JPSO crime laboratory concluded that the

*OFFICIAL TRANSCRIPT*

1    suspected heroin did, in fact, contain heroin and weighed

2    approximately 17 grams.

3                    Mr. Groves, those facts that I just recited, are

4    those consistent with your understanding of what's in your

5    four-page factual basis?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Did you review the factual basis and

8    initial each page?

9              THE DEFENDANT:  I do -- I did.

10             MS. CARBONI:  Did you sign and date the last page and

11   that's your signature?

12             THE DEFENDANT:  Yes.

13             MS. CARBONI:  Mr. Raspanti, did you review the factual

14   basis with your client?

15             MR. RASPANTI:  I did.

16             MS. CARBONI:  Did you initial each page and sign and

17   date the last page?

18             MR. RASPANTI:  I did.

19             MS. CARBONI:  Your Honor, I also initialed each page

20   and signed and dated the last page, and I tender the factual

21   basis to the Court.

22             THE COURT:  It will be accepted into evidence.

23                    Mr. Groves, is there anything in the document

24   that you do not understand in the factual basis?

25             THE DEFENDANT:  I understand, Judge.

                         *OFFICIAL TRANSCRIPT*

1    THE COURT:  Is it factually correct in what it says you

2  did?

3    THE DEFENDANT:  Yes.

4    THE COURT:  Do you believe that you have a good

5  understanding of the government's evidence against you?

6    THE DEFENDANT:  Yes, I do.

7    THE COURT:  Have you had enough time to discuss with

8  your attorney the facts of your case and any possible defenses

9  you might have?

10    THE DEFENDANT:  Yes, I did.

11    THE COURT:  Are you entirely satisfied with the advice

12  and services of your attorney?

13    THE DEFENDANT:  Yes.

14    THE COURT:  Do you wish to ask or have your attorney

15  ask the U.S. Attorney's Office any questions at this time about

16  any of the things that we've discussed today?

17    THE DEFENDANT:  You could repeat that one more time for

18  me?

19    THE COURT:  Do you wish to ask or have your attorney

20  ask the United States Attorney's Office any questions about the

21  things we've discussed here in court today?

22    THE DEFENDANT:  No.

23    THE COURT:  Mr. Raspanti, have you had a full

24  opportunity to investigate the facts of this case and the

25  applicable law as well as any possible defenses your client

*OFFICIAL TRANSCRIPT*

1    might have and to advise and counsel with your client?

2            MR. RASPANTI:  I did.

3            THE COURT:  Mr. Groves, is that correct to the best of

4    your knowledge?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Mr. Raspanti, are you satisfied that your

7    client is pleading guilty voluntarily and with full

8    understanding and knowledge of his plea?

9            MR. RASPANTI:  I am.

10           THE COURT:  Mr. Groves, although you've indicated all

11   through these proceedings that you wish to plead guilty, do you

12   realize that you still have the right to maintain a plea of not

13   guilty at this time?

14           THE DEFENDANT:  Yes, I do.

15           THE COURT:  A plea of guilty is more than just a

16   confession which admits that you did various acts.  It is,

17   itself, is a conviction.  Nothing remains but to give judgment

18   and determine punishment.  Knowing all of the rights I have

19   advised you of and the rights that you are giving up, do you

20   still wish to plead guilty?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Based upon the evidence received, I find

23   that there is a factual basis for the guilty plea in this

24   matter.  Because I find that the plea is knowledgeable,

25   voluntary, and has a basis in fact that contains all of the

*OFFICIAL TRANSCRIPT*

1  elements of the crimes charged in Counts 7, 8, 9, and 10 of the

2  second superseding indictment, I will accept your guilty plea.

3          I therefore adjudge you, Derrick Groves, guilty

4  pursuant to your plea of guilty with respect to Counts 7, 8, 9,

5  and 10 of the second superseding indictment.

6          Pursuant to the Federal Rule of Criminal

7  Procedure 11(c)(3), I will defer a decision on accepting your

8  plea agreement until I have reviewed the presentence

9  investigation report, which I will order.

10          I urge you to cooperate with the probation office

11  in furnishing information during the presentence investigation

12  because the report will be important to me in my decision as to

13  what your sentence will be.

14          On the date of sentencing, you, your counsel, and

15  the government will have an opportunity to make objections to

16  the report, if you have any, and to provide me with further

17  information that you want me to consider in determining your

18  sentence.

19          Mr. Groves was remanded to the custody of the

20  United States Marshal on February 6, 2019; is that correct?

21          MS. CARBONI:  That sounds correct, yes.

22          THE COURT:  Is there any reason why he should not be

23  remanded back to the custody of the marshals until sentencing?

24          MS. CARBONI:  No, Your Honor.

25          THE COURT:  I ordered that Mr. Groves be remanded to

1  the custody of the United States Marshal Service pending his

2  sentencing, which I order to be scheduled for December 17,

3  2019, at ten o'clock in the morning.

4  　　　　Okay.  Anything further for the Court?

5  　　MR. RASPANTI:  No.

6  　　　　Judge, can I approach?

7  　　THE COURT:  Yes.

8  　　MS. CARBONI:  Nothing further from the government.

9  　　THE COURT:  Thank you.

10  　　(WHEREUPON, the proceedings were concluded.)

11  　　　　　　　　*　　*　　*

12

13  　　　　　　　REPORTER'S CERTIFICATE

14

15  　　　　I, Cathy Pepper, Certified Realtime Reporter, Registered
Merit Reporter, Certified Court Reporter in and for the State
of Louisiana, Official Court Reporter for the United States

16  District Court, Eastern District of Louisiana, do hereby
certify that the foregoing is a true and correct transcript to

17  the best of my ability and understanding from the record of the
proceedings in the above-entitled and numbered matter.

18
　　　　　　　　　　　　　　　s/Cathy Pepper

19  　　　　　　　　　　　　　　Cathy Pepper, CRR, RMR, CCR
　　　　　　　　　　　　　　Certified Realtime Reporter

20  　　　　　　　　　　　　　　Registered Merit Reporter
　　　　　　　　　　　　　　Official Court Reporter

21  　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　Cathy_Pepper@laed.uscourts.gov

22

23

24

25

*OFFICIAL TRANSCRIPT*